UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TRACY L. RUSSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF FORT WAYNE, | ) |
| OFFICER S. STUDEBAKER, | ) |
| OFFICER A. CHANDLER, | )   CAUSE NO.: 1:05-CV-115-TS |
| OFFICER C. FAHERTY, | ) |
| OFFICER J. HARTUP, | ) |
| OFFICER M. SMALL, | ) |
| OFFICER R. LAPP, | ) |
| ALLEN COUNTY SHERIFF, | ) |
| OFFICER D. SPILLER, and | ) |
| OFFICER S. CARRIER, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

The Plaintiff, Tracy L. Russell, sued the City of Fort Wayne, Allen County Sheriff, and numerous City and County police officers under 42 U.S.C. § 1983. He alleges that the police officers falsely arrested him, used excessive force, and maliciously charged him with resisting an arrest.

On June 14, 2006, Defendants Fort Wayne Police Officer Michelle Small and Fort Wayne Police Officer Ronald Lapp moved for summary judgment as to the Plaintiff's claims against them. On August 8, the Plaintiff filed a notice, informing the Court that he will not be responding to their motion.

**A.  Facts**

Summary judgment is only appropriate by the terms of Rule 56(c) where there exists "no genuine issue as to any material facts and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Mindful of this standard, the Court now turns to the undisputed facts as they relate to the Plaintiff and Defendant Officers Small and Lapp.

These facts are simple, and, for the purposes of the motion for summary judgment, are construed in the light most favorable to the Plaintiff. In the early morning hours of July 20, 2003, several Fort Wayne and Allen County police officers were conducting a traffic stop on the Plaintiff's wife, Nichole Russell, who was operating a car while intoxicated. At the time, the Plaintiff was walking nearby. As he tried to approach his wife's car, an Allen County police officer grabbed him. Several Fort Wayne police officers jumped in to assist. They arrested the Plaintiff and told him that he would be charged with disorderly conduct and public intoxication. During the arrest, the officers sprayed the Plaintiff with mace.

While the Plaintiff was being arrested, a Fort Wayne Police Officer, Scott Studebaker, requested over his radio for assistance from other officers in the area. Both Officers Small and Lapp responded to the call. However, by the time Officer Small arrived, the Plaintiff had already been arrested and her only task was to pat down and arrest his wife. Likewise, when Officer Lapp arrived, the Plaintiff had already been taken to Allen County Lockup. As a result, neither officer had any involvement in the Plaintiff's arrest.

**B. Discussion**

As a preliminary matter, in order to establish a claim under 42 U.S.C. § 1983, the Plaintiff must show that the Defendants were personally involved in the deprivation of his constitutional

2

rights. *See Walker v. Taylorsville Corr. Ctr.*, 129 F.3d 410, 413 (7th Cir. 1997). "[A]n official meets the 'personal involvement' requirement when she acts or fails to act 'with a deliberate or reckless disregard of plaintiff's rights or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent.'" *Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir.1994*).*

Defendants Small and Lapp did not direct, or participate in, the Plaintiff's arrest. In fact, they were not even at the location while he was being arrested. By the time they arrived, the Plaintiff had already been either in custody or taken away to Allen County Lockup. Since they were not personally involved in any alleged deprivation of the Plaintiff's constitutional rights, they are entitled to summary judgment as a matter of law.

## CONCLUSION

The Court grants the Motion for Summary Judgment filed by Defendants Fort Wayne Police Officer Michelle Small and Fort Wayne Police Officer Ronald Lapp [DE 43]. Both Officer Small and Officer Lapp are dismissed from this case.

SO ORDERED on August 22, 2006.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT